UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11233
Summary Calendar

_____

WESTERN HERITAGE INSURANCE COMPANY,

Plaintiff/Counter-Defendant/Appellee,

versus

STEVE ROBERTSON; JERRY JONES; BOB HEARN doing
business as Bob Hearn Transport,

Defendants,

STEVE ROBERTSON; BOB HEARN doing business
as Bob Hearn Transport,

Defendants/Counter-Claimants,

STEVE ROBERTSON,

Defendant/Counter-Claimant/Appellant.

_____

No. 97-11306
Summary Calendar

_____

WESTERN HERITAGE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

STEVE ROBERTSON, ET AL.,

Defendants,

STEVE ROBERTSON; BOB HEARN, doing business
as Bob Hearn Transport,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas
(4:96-CV-250-Y)
_____

August 19, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

As the backdrop to this consolidated appeal, Western Heritage Insurance Company filed the underlying declaratory judgment action, claiming that it had no duty to defend or indemnify either Bob Hearn, Jr. d/b/a Bob Hearn Transport or Jerry Jones for claims arising out of an automobile accident involving Jones and Steve Robertson. Robertson appeals the summary judgment in favor of Western Heritage; and Robertson and Hearn appeal the award of attorneys' fees to Western Heritage.

Robertson contends that there is a genuine issue of material fact as to whether Bob Hearn, Jr. and/or Jerry Jones were covered by the Western Heritage policy. Based upon our *de novo* review of the summary judgment record, we conclude that summary judgment was appropriate, essentially for the reasons stated by the district court. *See **Western Heritage Ins. Co. v. Robertson***, No. 4:96-CV-250-Y (N.D. Tex. 28 Aug. 1997) (unpublished). The summary judgment evidence showed that the Western Heritage policy was issued to Bob Hearn, Sr. d/b/a Bob Hearn Transport. There was no competent summary judgment evidence that Jones was an employee of Hearn Transport. Likewise, there was no evidence that Bob Hearn, Jr. (the person against whom Robertson obtained a default judgment in state court) owned, operated, or worked for Bob Hearn Transport

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 2 -

either at the time of the accident or at the time Robertson filed the state court liability action.  Accordingly, Western Heritage had no duty to defend Jones or  Bob Hearn, Jr. in the state court actions brought against them by Robertson; and Western Heritage is not liable for the default judgment entered against Bob Hearn, Jr. in the state court action.

Robertson contends also that the district court erred by refusing to abate or dismiss this action because of a prior-filed state court action.  For essentially the reasons stated by the district court in its order denying Robertson's motion to abate or dismiss, we hold that the district court did not abuse its discretion by concluding that abstention was not appropriate. *See* *Western Heritage Ins. Co. v. Robertson*, No. 4:96-CV-250-Y (N.D. Tex. 25 Feb. 1997) (unpublished).

Robertson contends that the attorney's fee award is erroneous because state law does not permit the award of attorneys' fees; equity does not support the award; and Western Heritage's proof was insufficient.  Hearn contends that Western Heritage's motion for such fees was untimely; that Western Heritage failed to properly serve the motion; and that fees were improperly awarded against him and Robertson, jointly and severally.

Western Heritage sought attorneys' fees pursuant to the Texas Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.009 (Texas DJA).  The order awarding fees cites no other basis for the award. In *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208 (5th Cir. 1998) (decided approximately five months *after* the district court's order

awarding attorneys' fees), our court held that "a party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law". *Id*. at 210. Accordingly, Western Heritage recognizes that the award must be reversed, but urges that we reconsider *Utica Lloyd's*. Of course, we cannot do so; one panel of this court may not overrule the decision of a prior panel in the absence of en banc reconsideration or a superseding decision of the Supreme Court. *E.g., Burlington Northern R. Railroad v. Brotherhood of Maintenance of Way Employees*, 961 F.2d 86, 89 (5th Cir. 1992), *cert. denied*, 506 U.S. 1071 (1993).

In the alternative, Western Heritage asserts that the award can be affirmed on the ground that Robertson and Hearn acted in bad faith. Because Western Heritage did not seek the award on that ground in the district court, Robertson and Hearn had no opportunity to respond to it, and the district court had no opportunity to consider it. Under those circumstances, we will not consider the issue for the first time on appeal. Of course, if the district court wishes to consider that ground on remand, it is free to do so.

For the foregoing reasons, the summary judgment in favor of Western Heritage is **AFFIRMED**. The order awarding attorneys' fees is **VACATED** and the case is **REMANDED** to the district court.

*AFFIRMED, in part; VACATED, in part; and REMANDED*